**UNITED STATES of America,
Plaintiff,**

v.

**SPECIES OF WILDLIFE CONSISTING OF A FULLY MOUNTED LEOPARD (PANTHERA PARDUS), Defendant,**

**David B. Flavan, Intervenor.**

**No. 75 C 41.**

United States District Court,
E. D. New York.

Dec. 3, 1975.

David G. Trager, U. S. Atty., E. D. N. Y., for plaintiff George H. Weller, Asst. U. S. Atty., of counsel.

Vatterott, Shaffar, Dolan & Pepka, St. Ann, Mo., for claimant Charles H. Shaffar, St. Ann, Mo., of counsel.

BRUCHHAUSEN, District Judge.

This is an action for the forfeiture of a fully mounted leopard, an endangered species illegally imported from the Republic of Kenya, Africa, into the United States. The applicable law is Section

4(a)(2) of the Endangered Species Conservation Act of 1969, P.L. 91–135.

The Secretary of the Interior, on March 30, 1972, added the leopard (Panthera pardus) to the list of Endangered Foreign Fish and Wildlife, 5 C.F. R. Part 17, App. A (1972).

Thereafter, the claimant, David B. Flavan, on August 2, 1972 purchased a number of stuffed animals from Kenya Crafts, Republic of Kenya, including a stuffed leopard, which had been placed on the Endangered Species List, approximately four months prior to the execution of the contract. On August 2, 1972, the leopard was on the Endangered Species List, and, therefore, its importation into the United States was illegal. This fully mounted leopard was seized on February 26, 1973 by Federal Fish and Wildlife personnel from a vessel in Brooklyn, when the claimant attempted to import it into this country.

Thereafter, an administrative hearing was held for a civil penalty, pursuant to Sec. 4(a)(1) of P.L. 91–135. At this administrative hearing, the claimant attempted to prove that the leopard he purchased was killed prior to its being placed on the Endangered Species List, and, therefore, such killing could not endanger the species. The entire administrative record, together with the numerous exhibits attached, has been submitted. Exhibit 1. The Administrative Judge, in his decision dated November 11, 1974, concluded in part at page 5:

"In view of the mandatory wording of sections 2 and 4 of the Act, I have no alternative other than to conclude that there was a violation of the Act and that a civil penalty must be assessed. Accordingly, a penalty of $10 is assessed for what I consider to be a completely innocent violation of the Act and a violation that did not, in any way, contribute to endangering the protection of the species of wildlife involved."

It is conceded that the claimant did not act in any willful manner. It is further conceded that this law was passed to protect any wild life species that is on the verge of extinction, and that severe penalties will serve as an effective deterrent to those who would violate this Act.

A non-willful violation of the Act is punishable under Section 4(a)(1) of P. L. 91–135, by a civil penalty not to exceed $5,000 for each such violation. Subsequent to the civil assessment, Section 4(a)(2) of the Act provides:

"* * * Upon the assessment of a civil penalty pursuant to paragraph (1) of this subsection for any nonwillful violation of any such section, regulation, or permit, such fish, wildlife, property, or item, so seized may be proceeded against in any court of competent jurisdiction and forfeited to the Secretary for disposition by him in such manner as he deems appropriate."

■ As the court has indicated above, the purpose of this Act is to serve as an effective deterrent to would be violators and will eliminate illegal traffic in endangered species by drying up the market for endangered species.

The Act, however, to minimize undue economic hardship contains an exemption for a person who has contracted to import species of wildlife which subsequently is placed on the endangered list. Section 3(b) of P.L. 91–135 states in part:

"* * * The Secretary, upon such person filing an application with him and upon filing such information as the Secretary may require showing, to his satisfaction, such hardship, shall permit such person to import such species or subspecies in such quantities and for such periods, not to exceed one year, as he determines to be appropriate."

■ In the case at bar, the claimant contracted for the import subsequent to the leopard being placed on the endangered list, and, therefore, does not qualify for this exemption.

The position of the claimant is and has been that the leopard in question was slain prior to March 30, 1972, and,

therefore, the killing could not endanger the species. The Administrative Judge found that on the basis of the evidence submitted, the leopard was killed prior to March 30, 1972, and that the time of the killing was pertinent insofar as it related to the penalty provisions of the Act. The Judge found a violation in view of the mandatory wording of Sections 2 and 4 of the Act and assessed the claimant a nominal fine of $10.

The Act is clear that the only condition precedent to the forfeiture of an illegally imported endangered species is the assessment of a civil penalty for a non-willful violation of the Act. The penalty was assessed, and, therefore, the Secretary is entitled to a decree of forfeiture in his favor. A holding to the contrary would negate the purpose of the Act.